**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flmb.uscourts.gov

In re:                                                                                            Chapter 13
                                                                                        Case No.: 20-22928-AJC

**MIGUEL ELIAS-SAUD**,

      Debtor.
_____/

**RESPONSE TO DEBTOR'S OBJECTION TO**
**CREDITOR, U.S. BANK TRUST NATIONAL ASSOCIATION,**
**AS TRUSTEE OF THE CHALET SERIES III TRUST, NOTICE OF**
**POST-PETITION MORTGAGE FEES, EXPENSES AND CHARGES [D.E. 62]**

    Secured Creditor, U.S. Bank Trust National Association, as Trustee of the Chalet Series III Trust as serviced by SN Servicing Corporation (the "Secured Creditor"), responds to the Debtor's Objection To Creditor, U.S. Bank Trust National Association, As Trustee Of The Chalet Series Iii Trust, Notice Of Post-Petition Mortgage Fees, Expenses And Charges (the "Objection") and states:

    1.    On January 5, 2007, Miguel Elias-Saud (the "Debtor") executed a Note in the total amount of $335,000.00 and the Debtor along with Co-Debtors Sonia Elias and Margarita Elias, executed a mortgage recorded in OR Book 25408, Page 0611, in the Official Records of Miami-Dade County, Florida, on the property located at 1857 SW 14th Terrace, Miami, FL 33145. Secured Creditor is the owner and holder of that certain promissory note and that mortgage.

    2.    On November 25, 2020 (the "Petition Date"), the Debtor filed its Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

    3.    On January 4, 2021, Secured Creditor filed its Proof of Claim, Claim 1-1 (the "Claim"), setting forth a total secured amount of $527,141.21 and an arrearage of $265,747.39.

*Case No.: 20-22928-AJC*

4. On December 10, 2020, the Debtor filed the Chapter 13 Plan [D.E. 67] which indicated Debtor intends on participating in mortgage modification mediation as it relates to Secured Creditor's Claim.

5. On February 9, 2021, Secured Creditor filed an Objection to Plan (the "Plan Objection") on the grounds that the Debtor had failed to file a Motion for MMM and that the Plan failed to address the arrearage which would need to be addressed if the mediation resulted in no agreement.

6. On April 20, 2021, Secured Creditor filed its Notice of Post-petition Mortgage Fees, Expenses, and Charges (the "Notice") which included the following attorney's fees: $550.00 for Proof of Claim and $250.00 for Proof of Claim Form 410/410A Loan Payment History, $400 for a Plan Review and $550.00 for the Plan Objection.

7. On May 11, 2021, the Debtor filed the Objection indicating that this "creditor is not entitled to any future and or reasonable fees and costs unless awarded by this court" and "[f]urther, there is no equity in the property."

8. Pursuant to Paragraph # 9 of the mortgage, "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including … paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument."  Additionally, "[a]ny amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument."

9. In *TranSouth Financial Corp. of Florida v. Johnson*, 931 F.2d 1505 (11th Cir.1991), the Eleventh Circuit found that the plain language of the term "claim" includes a

debtor's obligation to pay a creditor's attorney's fees under an enforceable contract that gives rise to the claim.

10. Moreover, a contract allocating attorney's fees that is enforceable under substantive, nonbankruptcy law is allowable in bankruptcy except where the Bankruptcy Code provides otherwise. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 443, 127 S. Ct. 1199, 1200, 167 L. Ed. 2d 178 (2007).

11. Under 11 U.S.C § 502(b), the bankruptcy court "shall allow" a creditor's claim "except to the extent that" the claim implicates any of the nine enumerated exceptions.

12. Therefore, attorney's fees included in the Notice are included in the Claim of Secured Creditor as the fees are recoverable under paragraph # 9 of the Mortgage which together with the Note give rise to the Claim and do not fall under the exceptions 11 U.S.C. § 502(b)(2)-(9).

13. Furthermore, the Supreme Court in. *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.,* made clear that the creditor's under secured status does not preclude contractual attorney fees merely by virtue of the fees being incurred post-petition.

14. Additionally, disallowing the attorney's fees that are recoverable under non-bankruptcy law directly violates the non-modification provision of the Bankruptcy Code, 11 U.S.C. § 1322(b)(2) which prohibits modifying the rights of holders of secured claims secured only by a security interest in real property that is Debtor's principal residence.

15. Hence, the Objection should be overruled as the attorney's fees are recoverable under non-bankruptcy law pursuant to the plain language of the Mortgage and thus, should be allowed under 11 U.S.C § 502(b) and disallowing the fees would violate 11 U.S.C. § 1322(b)(2).

16. Creditor reserves the right to supplement this Response.

*Case No.: 20-22928-AJC*

**WHEREFORE**, Secured Creditor respectfully requests that this Honorable Court overrule the Debtor's Objection To Creditor, U.S. Bank Trust National Association, As Trustee Of The Chalet Series Iii Trust, Notice Of Post-Petition Mortgage Fees, Expenses And Charges and for any such other relief that the Court deems just and proper.

**Dated this 11th day of June, 2021.**

    Respectfully submitted,

    **GHIDOTTI | BERGER, LLP**
    *Attorneys for Secured Creditor*
    1031 N. Miami Beach Blvd.
    North Miami Beach, Florida 33162
    Telephone: (305) 501.2808
    Facsimile: (954) 780.5578

By:   /s/ Melbalynn Fisher
        Melbalynn Fisher, Esq.
        Florida Bar No. 107698
        mfisher@ghidottiberger.com

*Case No.: 20-22928-AJC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 11, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:

| | |
|---|---|
| *Debtor* <br> **Miguel Elias-Saud** <br> 1857 SW 14 TERRACE <br> Miami, FL 33145 | *Trustee* <br> **Nancy K. Neidich** <br> POB 279806 <br> Miramar, FL 33027 |
| *Debtor's Counsel* <br> **Michael A. Frank, Esq.** <br> 10 NW LeJeune Rd #620 <br> Miami, FL 33126 | *U.S. Trustee* <br> **United States Trustee - ORL7/13, 7** <br> 51 S.W. 1st Ave. <br> Suite 1204 <br> Miami, FL 33130 |

By: /s/ Melbalynn Fisher
      Melbalynn Fisher, Esq